UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN PAUL ZUPKO, JR.,

    Plaintiff,

    v.   CAUSE NO. 3:20-CV-902-RLM-MGG

LAPORTE COUNTY JAIL, UNKNOWN
DEFENDANTS,

    Defendants.

OPINION AND ORDER

John Paul Zupko, Jr., a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Zupko alleges that he is a pretrial detainee at the LaPorte County Jail. He claims that when he arrived at the jail on September 24, 2020, staff determined that he was being "manipulative" and that it was necessary to place him in a restraint chair. He claims that he didn't resist and willingly sat in the restraint chair. He alleges that he was in the chair for two to three hours when he needed to use the bathroom, so he began to undo the restraints. Unnamed

officers commanded him to stop, which he did. They then re-secured his restraints and put a spit mask on him, even though he hadn't spit at anyone. While he was restrained and wearing a spit mask, two officers—one male and one female—began punching him and shocking him with a taser gun. They then laughed and left the area, telling him he "could pee on [himself] for all they cared."

He was left in the restraint chair for several more hours, during which time he was thirsty and had to go to the bathroom. He begged to be let out of the chair. Another officer brought him a glass of water, but when he asked for another glass, the officer refilled the glass with water and placed it on the table next to Mr. Zupko, telling him if he was "still thirsty to get it [himself]." He couldn't reach the water due to his restraints. The officer then laughed and left the area. Mr. Zupko claims that he remained in the restraint chair until about 7 a.m. the following day when there was a staff shift change. He claims that this incident caused him physical pain and emotional distress. He seeks monetary damages, among other relief.

Because Mr. Zupko was a pretrial detainee at the time of this incident, his rights arise under the Fourteenth Amendment. Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018) (citing Kingsley v. Hendrickson, 576 U.S. 389 (2015)). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 396-397. A court deciding whether force was objectively unreasonable considers such

factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397.

Mr. Zupko alleges that he wasn't resisting but was forced into a restraint chair, and that the two unnamed officers put a spit mask on him even though he hadn't spit at anyone. They then allegedly punched him and shocked him with a taser gun while he was fully restrained. Giving him the inferences to which he is entitled at this stage, he has alleged a plausible excessive force claim against the two officers.

Mr. Zupko further claims that these officers, as well as a third unnamed officer, denied him water and access to the bathroom. A pretrial detainee states a conditions-of-confinement claim under the Fourteenth Amendment if he was subjected to conditions that were "objectively unreasonable" and "excessive in relation to any legitimate non-punitive purpose." Hardeman v. Curran, 933 F.3d 816, 824 (7th Cir. 2019) (citation and internal quotation marks omitted). Mr. Zupko says the officers wouldn't let him go to the bathroom even though he had been in the restraint chair for hours and that the third officer refused to give him adequate water. He further alleges that the third officer teased him by placing a full glass water in front of him that he couldn't reach and then laughed at his predicament. It appears from the complaint that Mr. Zupko may have urinated on himself while in the restraint chair. Giving him the inferences to which he is entitled at this stage, he has alleged a plausible conditions-of-confinement claim.

Mr. Zupko doesn't identify any of these officers by name. He says he has tried to find out through various means the names of the officers involved, but claims jail staff have thwarted his efforts. When a prisoner is not "in a position to identify the proper defendants . . . it is the duty of the district court to assist him, within reason, to make the necessary investigation." Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009) (citation omitted). "[T]he court may assist the plaintiff . . . by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible[.]" Donald v. Cook Cty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). Accordingly, the court will allow Mr. Zupko to proceed against LaPorte County Sheriff John T. Boyd in his official capacity for the limited purpose of determining the identity of the three officers involved in these events. The Sheriff will be dismissed once these defendants are identified. The names of the currently unknown officers will be added to the case and service directed as required by 28 U.S.C. § 1915(d).

Finally, Mr. Zupko names the LaPorte County Jail as a defendant, but this is a building, not a person or a policy-making body that can be held liable under 42 U.S.C. § 1983. *See* Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012); Sow v. Fortville Police Dep't, 636 F.3d 293, 300 (7th Cir. 2011). This defendant will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Does #1-3 for using excessive force against him while he was in a restraint chair and denying

4

him access to water and bathroom facilities on September 24, 2020, and September 25, 2020, in violation of the Fourteenth Amendment;

(2) DIRECTS the clerk to add the LaPorte County Sheriff John T. Boyd in his official capacity as a defendant for the limited purpose of identifying Officer Does #1-3;

(3) DISMISSES all other claims;

(4) DISMISSES the LaPorte County Jail as a defendant;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) LaPorte County Sheriff John T. Boyd and to send him a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d); and

(6) ORDERS the LaPorte County Sheriff John T. Boyd to enter an appearance and to file a report by **January 4, 2021**, identifying (to the extent possible) the two male officers and one female officer described in the complaint who allegedly placed Mr. Zupko in a restraint chair on September 24, 2020, used excessive force against him, and denied him access to water and bathroom facilities between September 24, 2020, and the early morning hours of September 25, 2020.

SO ORDERED on November 19, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

5